IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SARAH BUCKLEW,  §<br>　　　Plaintiff,　　　　　　　　§<br>　　　　　　　　　　　　　　　§<br>v.　　　　　　　　　　　　　§　　Civil Action No. 3:18-CV-2117-N (BH)<br>　　　　　　　　　　　　　　　§<br>OFFICER MATT ST. CLAIR, et al., §<br>　　　Defendants.　　　　　　§　　Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Order of Reference*, filed December 14, 2018 (doc. 19), this *pro se* case has been referred for full case management.[1] Before the Court for recommendation is *Plaintiff's Ex Parte Motion for Temporary Restraining Order,* filed February 20, 2019 (doc. 30). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND[2]

On August 14, 2018, Sarah Bucklew (Plaintiff) filed this civil rights action under 42 U.S.C. §§ 1983 and 1988 against Garland Police Officers Matt St. Clair and M. Clark (Officers), in their individual capacities, and the City of Garland (City) (collectively, Defendants), for allegedly violating her Fourth Amendment rights when she was involuntarily admitted to a psychiatric hospital on May 1, 2018. (*See* doc. 1 at 2, 7-12.) She seeks compensatory damages "against all Defendants, jointly and severally, in an amount to be determined at trial;" nominal damages for violations of her civil rights; punitive damages against the officers; costs, expenses, and attorney fees under 42 U.S.C. § 1988(b); and "other relief" the Court deems "just and deserving." (*Id.* at 14.)

---

[1] Plaintiff was initially represented by counsel, but counsel was allowed to withdraw by order dated October 24, 2018. (*See* docs. 16, 18.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On February 20, 2019, Plaintiff filed an "Ex Parte Motion for Temporary Restraining Order." (doc. 30.) She claims that since June 2017, Defendants have gained unlawful access to her computers and intellectual property in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. (*Id.* at 1-2.) She requests an *ex parte* order barring them from "continuing to hack, or gain unlawful access to [her] intellectual property and computers;" "continuing to contact and/or communicate with [her] original mortgager or mortgage servicer until a further order can be sought in this matter;" "continuing to contact and/or communicate with Child Protective Services Unit of the Texas Department of Family and Protective Services, in order to harass and intimidate [her];" and "continuing to contact and/or communicate with anyone or any entity regarding [her], [her] property and/or [her] family. . . ." (*Id.* at 9-10.) The *ex parte* motion was ordered served on Defendants, and they responded on March 18, 2019. (docs. 32, 36.) Plaintiff filed a reply on March 22, 2019 (doc. 37), and an amended reply on March 25, 2019.[3] (doc. 38.)

## II. TEMPORARY RESTRAINING ORDER

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Here, Defendants have received notice and have filed a response to

---

[3]The deadline to file a reply brief was by April 2, 2019. (*See* doc. 32.) Because the amended reply brief was timely filed, it will be considered.

Plaintiff's motion, so these elements need not be considered.[4] (*See* docs. 36, 38.)

To obtain a TRO, Plaintiff must satisfy the substantive requirements for a preliminary injunction. *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-CV-1696-D, 2011 WL 3157214, at *1 (N.D. Tex. July 26, 2011) ("To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." (citations omitted)); *see Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (noting a TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief"). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the movant must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citing *id* at 20). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Assoc., Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

Although the Fifth Circuit Court of Appeals has not specifically addressed this issue, district courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to the claims in the complaint. *See Gill v. Neaves*, 657 F. Supp. 1394, 1399 (W.D. Tex. 1987) (denying request for a temporary restraining and preliminary injunction in part

---

[4] Other courts within this district that have considered TROs filed after the opposing party's answer, as in this case, focused their analyses exclusively on the factors for obtaining a preliminary injunction. *See, e.g., Horner v. Am. Airlines, Inc.*, No. 3:17-CV-0665-D, 2017 WL 978100 (N.D. Tex. Mar. 13, 2017) (Fitzwater, J.); *May v. Wells Fargo Home. Mortg.*, No. 3:12-CV-4597-D, 2013 WL 2367769 (N.D. Tex. May 30, 2013) (Fitzwater, C.J.); *All Wireless Techs., Inc. v. Casella-Wiseman*, No. 3:13-CV-245-L, 2013 WL 3724889 (N.D. Tex. July 16, 2013).

because "the grounds alleged in the motion ha[d] absolutely nothing to do with the underlying cause of action"); *see also Walcott v. Terrebonne Par. Consol. Gov't*, No. CV 17-1125, 2017 WL 6371577, at *1 (E.D. La. Nov. 20, 2017) (recommending the denial of a prisoner's motion for preliminary injunction because he was seeking injunctive relief "wholly unrelated to the claims in this lawsuit"), *adopted by* 2017 WL 6344149 (E.D. La. Dec. 12, 2017). "[I]f the motion raises issues different from those presented in the complaint, the court has no jurisdiction over the motion." *Infinite Fin. Sols., Inc. v. Strukmyer, LLC*, No. 3:14-CV-354-N, 2014 WL 12586282, at *9 (N.D. Tex. July 29, 2014) (quoting *Adair v. England*, 193 F. Supp. 2d 196, 200 (D. D.C. 2002)) (citations omitted).[5]

Here, Plaintiff originally sued Defendants under 42 U.S.C. § 1983 for allegedly violating her Fourth Amendment rights in connection with her involuntarily mental health hospitalization on May 1, 2018, and she sought monetary damages. (doc. 1 at 1-2, 13-14.) She now seeks to enjoin Defendants from hacking or gaining unlawful access to her intellectual property and computers and communicating with any person or entity about her, her property, and her family, however. (doc. 30 at 9-10.) Because she seeks injunctive relief unrelated to the claims in her lawsuit, jurisdiction is lacking. *See Infinite Fin. Sols.*, 2014 WL 12586282, at *9 (finding the court "plainly" did not have jurisdiction to hear the request for preliminary injunction on a trademark claim because no such

---

[5] *See also State v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint."); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (affirming denial of request for preliminary injunction based on alleged retaliatory conduct unrelated to prisoner's § 1983 claim and explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); *Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that district court lacked jurisdiction to issue preliminary injunction because movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint").

claim was asserted in the amended complaint). Her request for injunctive relief should therefore be denied. *See Schwartz v. United States Department of Justice*, CA No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." (citations and quotation marks omitted)).[6]

### III.  RECOMMENDATION

Plaintiff's motion for injunctive relief should be **DENIED**.

**SO RECOMMENDED** on this 15th day of May, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] In her amended reply brief, Plaintiff attempts to assert "new cause(s) of action for the purpose() of this [TRO]," including claims based on Defendants' alleged violations of the Federal Racketeer and Corruption Act under 18 U.S.C. § 1962; Obstruction of Justice under 18 U.S.C. § 1001; Mail Fraud under 18 U.S.C. §§ 1341, 1342, 1346, and 1349, as well as a claim for conspiracy to interfere with civil rights under 42 U.S.C § 1985. (doc. 38 at 1-3.) Plaintiff has not sought or been granted leave to amend her complaint to add these claims. She may not use a reply brief to assert new causes of action. *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 729 n.3 (S.D. Tex. 2010). To the extent that she seeks leave to amend her complaint, she must comply with the applicable rules of civil procedure and the local rules.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                              */s/ Irma Carrillo Ramirez*
                                                                                                 IRMA CARRILLO RAMIREZ
                                                                                UNITED STATES MAGISTRATE JUDGE