IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH BUCKLEW, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2117-N-BH |
| | § | |
| OFFICER MATT ST. CLAIR, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge [1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Motion to Set Aside Order Dismissing Case Based on New Evidence*, filed November 24, 2019 (doc. 62). Based on the relevant filings and applicable law, the motion should be **DENIED**.

## I.  BACKGROUND

On August 14, 2018, Sarah Bucklew (Plaintiff) filed this civil rights action under 42 U.S.C. §§ 1983 and 1988 against the defendants for allegedly violating her Fourth Amendment rights in connection with her involuntary admission to a psychiatric hospital on May 1, 2018. (*See* doc. 1 at 2, 7-12.)[2] The same day, she filed a motion to proceed *in forma pauperis* (IFP) dated June 14, 2018, signed under penalty of perjury; it stated that she understood that "a false statement may result in a dismissal" of her claims. (*See* doc. 2 at 1.) The motion was granted on August 15, 2018. (doc. 6.)

On September 10, 2018, the defendants moved to dismiss the action on grounds that Plaintiff had submitted a false affidavit of poverty in this case. (doc. 14 at 2.) Plaintiff had filed for Chapter

---

[1] By *Order of Reference*, filed December 14, 2018 (doc. 19), this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

13 bankruptcy protection in the Northern District of Texas two months earlier.[3] (doc. 14 at 8-46.) On June 15, 2018, a day after signing her IFP application in this case, Plaintiff filed various statements signed under penalty of perjury in her bankruptcy case detailing her financial situation. (*Id.*) On or about June 28, 2018, Plaintiff was indicted in Dallas County, Texas, for harassment. (doc. 28 at 9-10.)[4] In support of her request for appointed counsel in that case, she submitted a Confidential Affidavit of Financial Condition, dated July 16, 2018, in which she swore "under penalty of perjury" that the information she provided was "true, correct, and complete," and "that all information in this affidavit is subject to verification and that falsifying this information is a criminal offense." (*Id.* at 13.)

On May 15, 2019, it was recommended that the case be dismissed with prejudice under 28 U.S.C. § 1915(e) because Plaintiff's IFP application in this case contained information that contradicted the sworn statements in her bankruptcy case and state criminal case, and because she had engaged in a pattern of attempts to deceive the court. (doc. 44 at 10-11.) On May 24, 2019, the recommendation was accepted over Plaintiff's objection, all of her claims were dismissed with prejudice, and judgment was entered against her. (*See* docs. 50, 55, 56.)

On November 24, 2019, Plaintiff moved to set aside the order to dismiss the case based on "new information and evidence" that the indictment in her state criminal case was forged. (doc. 62 at 2.) She alleges that "publically available court records" demonstrate that the indictment contains factually incorrect dates because the file-stamp date on the indictment was June 28, 2018, but the Grand Jury actually convened on June 21, 2018. (*Id.* at 3.) She maintains that the Grand Jury

---

[3] *See In re Sarah Bucklew*, Cause No. 3:2014bk32143 (Bankr. N.D. Tex. Jun. 1, 2018).

[4] *See State v. Sarah Marie Bucklew*, M1804091K, Dallas County Criminal Court No. 9 (June 28, 2018).

foreman's signature on the indictment must have been forged because the indictment was filed several days after the Grand Jury had adjourned. (*Id.*) She argues that the judgment must be vacated because it was based, in part, on court filings that must be stricken because of the forged indictment. (*Id.* at 4.) She also argues that a vacated judgment is warranted because opposing counsel misrepresented facts when they "included evidence obtained from [her state criminal] charge in their motion to rescind the order granting Plaintiff's IFP status." (*Id.*) The defendants responded to the motion on December 16, 2019, and Plaintiff replied the same day. (docs. 87, 88.)[5]

## II.  RULE 60(b)

Plaintiff specifically invokes Rules 60(b)(2) and (3) of the Federal Rules of Civil Procedure in support of her motion for relief from the final judgment in this case. (doc. 62.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6).

---

[5]Without seeking leave of court, Plaintiff filed several exhibits with her reply that were not initially filed with her motion. (*See* doc. 89.)  The Local Civil Rules for the Northern District of Texas do not permit the filing of evidence in support of a reply. *See* L.R. 7.1(f) (permitting the filing of a reply brief).  A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond. *See Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239-240 (N.D. Tex. 1991).  It is therefore not considered. *See id.* at 240 ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [ ] retains the discretion to decline to consider them.").  Even if considered, however, Plaintiff's new evidence would not change the recommendation that her motion be denied.

A.      **Rule 60(b)(2)**

To obtain relief under Rule 60(b)(2) based on newly discovered evidence, movants must show that (1) they "'exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (internal quotation omitted) (quoting *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009)). These requirements must be "strictly" satisfied. *Id.* (quoting *Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir. 1992)). Evidence is not "new" if the movant had access to it before judgment. *See id.*

Here, Plaintiff claims that her motion is "based on new evidence that [she] was never indicted for the misdemeanor charge filed with Dallas County on June 28, 2018." (doc. 62 at 3.) Plaintiff has not explained, however, why she could not have obtained the allegedly new evidence prior to the entry of judgment when it consists of information that would have been known by her and is from "publicly available court records." (*Id.*) Nor has she shown that her new evidence is "material and controlling and clearly would have produced a different result if presented before the original judgment." *See Thermacor Process, L.P.*, 567 F.3d at 744. The evidence does not go to the issue of whether Plaintiff presented false information in her IFP application. Plaintiff argues that all evidence from her state criminal case, including the information that was "allegedly contradictory" to her IFP application," must be "stricken" as a result of the forged indictment. (doc. 62 at 4.) Even if the evidence from the criminal case is not considered, she still fails to show that the outcome of this case would be different because there were other contradictory sworn statements by Plaintiff in her bankruptcy case to support the finding that the IFP application contained false

4

information which "mandate[d] dismissal" under § 1915(e)(2)(A). (*See* doc. 44 at 9.) Plaintiff has therefore not shown entitlement to relief from the judgment based on Rule 60(b)(2).

**B.**   **Rule 60(b)(3)**

"A party making a rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *In re Isbell Records, Inc.*, 774 F.3d. 859, 869 (5th Cir. 2014) (citing *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990)) (emphasis, internal quotation and citation omitted). "Misconduct may be shown by evidence that the opposing party withheld information called for by discovery or willfully committed perjury." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 156-57 (5th Cir. 2004) (citations omitted).

Plaintiff argues that opposing counsel "appear to have misrepresented the facts falsely and incorrecting[sic] alleging the Plaintiff in the action lied on the IFP application" because they submitted evidence from Plaintiff's criminal case even though they knew that the indictment was forged. (doc. 62 at 3-4.) As discussed, even assuming for purposes of her motion that the evidence was fabricated or resulted from fraud, misrepresentation or other misconduct, Plaintiff cannot show that she was prevented from fully and fairly presenting her case. *See In re Isbell Records, Inc.*, 774 F.3d. at 869. Plaintiff's IFP application was also contradicted by her filings in the bankruptcy case. Her request for relief under Rule 60(b)(3) should be denied.

### III.  RECOMMENDATION

Plaintiff's motion to set aside the judgment should be **DENIED**.

**SO RECOMMENDED** on this 22nd day of July, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE